IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Jabbar Straws, | ) | Civil Action No. 5:17-cv-01529-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Bryan Sterling, and | ) | |
| David W. Dunlap, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, a prisoner proceeding pro se and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 12), recommending that the court dismiss the Complaint (ECF No. 1) without prejudice. Plaintiff was advised of his right to file objections to the Report. (ECF No. 12 at 8). Plaintiff filed objections to the Report. (ECF No. 14).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of a magistrate judge's report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to

a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

The magistrate judge summarized the facts of this action in her Report. (ECF No. 12). Briefly, Plaintiff is a state prisoner and is currently housed at Kershaw Correctional Institution. (ECF No. 1 at 2). Plaintiff seeks damages for two periods of confinement in the special management unit (or SMU) during which his Eighth Amendment rights were allegedly violated by his being restricted to no outside-of-cell recreation. *Id.* at 5. These two periods of confinement ranged from April 6–12, 2017 (6 days) and from April 23–May 4 (11 days). *Id.* Plaintiff alleges that he is "afraid of future harm the inhumane treatment is causing." *Id.* at 6. that the defendants were deliberately indifferent to this harm because he "infom[ed] both [D]efendants," and "they did nothing." *Id.* at 4. However, Plaintiff did not indicate what information he gave the Defendants. *See id.* Plaintiff seeks $1,500,000 in punitive damages, $500,000 in damages for pain, and $500,000 in damages for suffering. *Id.* at 6. Before the court is the magistrate judge's Report on Plaintiff's Complaint (ECF No. 12).

## II. DISCUSSION

Rather than containing specific objections to the magistrate judge's findings, Plaintiff's objections largely restate his claims. The court is able to glean that Plaintiff objects to the magistrate's Report on one ground: Plaintiff alleges that the magistrate judge erred in finding in that his deprivation of exercise has not reached the threshold for a constitutional violation. (ECF No. 14 at 4).

The Fourth Circuit has made clear that "a complete deprivation of exercise for an extended period of time" may be considered a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. *Mitchell v. Rice*, 954 F.2d 187, 191 (4th Cir. 1992). Furthermore, it is well established that in order to sustain a § 1983 claim for lack of exercise, a plaintiff must show some "serious or significant physical or emotional injury as a result of the conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). However, in determining whether or not prison conditions fun afoul of the Eighth Amendment, the Fourth Circuit has consistently stated that it uses a totality of the circumstances test. *See id.; Clay v. Miller*, 826 F.2d 345, 347 (4th Cir. 1980); *Kirby v. Blackledge*, 530 F.2d 583, 587 (4th Cir. 1976). In looking at this totality of the circumstances assessment, the courts are "often intimately concerned with the time covered by the punishment or deprivation and the reasonable limits of prison supervision." *Sweet v. South Carolina Dept. of Corrs.*, 529 F.2d 854, 865 (4th Cir. 1975). As the Fourth Circuit noted in *Sweet v. Carolina Department of Corrections*, prisoners being confined for a "relatively short period of maximum confinement" will often be treated a lot differently than where "restriction has extended already over a period of years and is likely to extend indefinitely." *Id.*

In this case, Plaintiff has asserted that he was deprived of exercise for a total of seventeen days in the spring months of 2017, with periods of deprivation being from April 6, 2017 to April 12, 2017, and from April 23, 2017 to May 4, 2017. (ECF No. 1 at 5–6). While a lack of exercise for this period of time may have been uncomfortable and inconvenient for Plaintiff, there is no indication that he has suffered a serious physical or emotional injury as an effect. In fact, Plaintiff asserts his only injury to be that he is fearful of future harm that might result from this practice. (ECF No. 1 at 6).

None of the case law that Plaintiff cited in his Objections to the magistrate judge's Report purports a specific Constitutional minimum number of hours that prisoners must be allowed to exercise each week, despite his statement to the contrary. *See e.g. Davenport v. DeRobertis*, 844 F.2d 1310, 1315 (7th Cir. 1998) ("We do not suggest that this is always and everywhere a constitutional minimum . . ."). Nor has the Fourth Circuit set such a standard in place.

Accordingly, Plaintiff's claim fails because he has not suffered a serious physical or emotional injury as a result of his seventeen-day deprivation of out-of-cell exercise, and, therefore, the deprivation of exercise did not reach the threshold of a constitutional violation.

### III. CONCLUSION

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate judge's Report (ECF No. 63) and incorporates it herein. Accordingly, Plaintiff's claims are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

/s/ Timothy M. Cain
United States District Judge

October 3, 2017
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.